## McCALLUM v. PURSSELL MANUF'G CO.

### (City Court of New York, General Term. June 20, 1888.)

CORPORATIONS—ACTIONS—EVIDENCE—ADMISSIONS OF PROMOTERS.

In an action against a corporation for the alleged conversion of chattels, the admission in evidence of admissions by and demand for the property made upon parties who afterwards became the incorporators and officers of defendant, as showing admissions of and demand upon defendant, there being no showing that the corporation ratified the acts or assumed responsibility for the admissions in question, is reversible error, and is not cured by subsequently striking out such evidence.

Appeal from trial term; HENRY P. McGOWN, Judge.

Action by Neil McCallum against the Purssell Manufacturing Company, for the conversion of certain property claimed by plaintiff. Evidence was admitted of admissions by and demand for the property made upon parties who subsequently became the incorporators and officers of defendant, as showing admissions of and demand upon defendant. Judgment for plaintiff. Defendant appeals from the judgment and an order denying a new trial.

Argued before BROWNE and EHRLICH, JJ.

Deyo, Duer & Bauerdorf, (R. E. Deyo, of counsel,) for appellant. McMahon & Handley, (Dennis McMahon, of counsel,) for respondent.

EHRLICH, J. At the trial certain testimony was received, against appellant's exception, tending to establish admissions of or a demand upon defendant company. The trial judge intimated that, unless subsequently connected with defendant, the evidence so received might be struck out on motion. At the close of plaintiff's case, defendant duly moved to strike out the evidence so received. The motion was granted as to a part only, and defendant excepted to the denial of the motion as to the residue. The portion stricken out is not clearly designated, and it is quite evident that the remark of the justice formally striking from the record testimony concededly improper, had little effect with the jury. Whether conscientiously or not, this evidence may have influenced their verdict. We always regret the necessity of reversing a judgment for the erroneous admission of evidence that may possibly have been harmless; but where, as in the present case, it is clear that the evidence so received, and, probably, retained by the jury, may have wrought mischief, we have no legal right to disregard the error, which the appellant points out by exceptions, and presses upon our attention. In many cases the court must rely upon the statement of counsel that evidence offered will be connected,

and thus made competent. To refuse to do this might disarrange the plan of trial mapped out by counsel. But in such case the counsel, and not the court, must be held responsible for a failure to make the promised legal connection; and it must be understood that in jury trials the error, if thus committed, cannot be always cured by a mere direction to the jury to dismiss from their minds the evidence thus received. We think, also, that the motion to strike out should have been granted as to all conversations prior to the organization of defendant company had with persons who subsequently became its officers or agents. These declarations could have been offered for no other purpose, and could have no other effect, than to prove admissions of defendant company. Contracts made by promoters of a corporation about to be organized may sometimes be enforced against the body corporate thereafter created; but this may be done only upon the theory of ratification, shown by adopting the terms or by accepting the fruits of the contract thus made. To sustain the alleged conversion in the case at bar as against defendant corporation, acts and declarations of individuals, before the beginning of its existence, are not competent, unless it shall be shown that by accepting the results of the conversion or in some other way, the body corporate ratified the acts, or renewed in its own name the declarations in question. Here there is no direct evidence that the chattels claimed to have been converted were ever in defendant's possession, nor that the appellant corporation as such ever assumed responsibility for the statements of individuals, who afterwards became its agents. The subsequent agency is not enough to make these prior declarations admissible. The judgment and order appealed from should be reversed, and a new trial granted, costs to abide event.

BROWNE, J., concurs.